UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE BELL, et al.<br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEIDI WASHINGTON, et al.<br>　　　　　　　　　Defendants. | Case No. 21-10399<br>　　　　　　21-10705<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER CONSOLIDATING CASES,
DISMISSING ALL BUT PLAINTIFF BELL FROM ACTION, AND
DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS**

I.　　Introduction

These are companion prisoner civil rights cases filed under 42 U.S.C. § 1983. Plaintiffs were all prisoners confined at the Michigan Department of Corrections (MDOC) Saginaw Correctional Facility (SRF) during late 2020. Tyrone Bell and a partially overlapping group of plaintiffs filed joint civil rights complaints in two separate actions, 21-CV-10399 (Case 1) and 21-CV-10705 (Case 2). In both actions, plaintiffs assert that the prison staff were deliberately indifferent to the dangers posed to prisoners by the Coronavirus or COVID-19. Case 1, ECF No. 15; Case 2, ECF No. 1. They seek a variety

of injunctive relief to safeguard themselves and other SRF prisoners from these dangers, as well as compensatory and punitive damages. *Id.*

For the reasons that follow, the Court consolidates Case 1 and Case 2, severs Bell from the remaining plaintiffs and dismisses the other 119 plaintiffs from the case without prejudice to each plaintiff filing his own separate complaint, and denies plaintiffs' motion for class certification. (Case 2, ECF Nos. 2, 89).

## II.   Background

Bell and three other SRF inmates initiated Case 1, and these four plaintiffs plus 116 other SRF inmates joined in filing Case 2. The operative complaints in both actions assert nearly identical allegations.[1]

In December 2020, plaintiffs contend that staff at SRF permitted insufficiently quarantined COVID-19-infected inmates back into the general prison population. Case 1, ECF No. 15, PageID.55; Case 2, ECF No. 1, PageID.7. They also allege that prison staff permitted newly identified

---

[1] The Case 1 complaint originally demanded implementation of security surveillance and body cameras to address SRF staff's inability or refusal to maintain prisoner safety, and alleged concerns over potential retaliation against plaintiffs for filing their action. Case 1, ECF No. 1. Case 2's complaint did not include these allegations, and they were not included in the amended complaint in Case 1. Case 2, ECF No. 1; Case 1, ECF No. 15.

COVID-19 positive inmates to return to their cells and communal areas, where they remained for several hours before being isolated. *Id.* They claim that non-infected inmates were moved into cells which had housed infected inmates without disinfecting those cells. *Id.* According to plaintiffs, these practices resulted in the significant COVID-19 outbreak in the SRF unit in which plaintiffs were housed, and in plaintiffs contracting COVID-19. *Id.*

### III. Discussion

### A. Consolidation

Federal Rule of Civil Procedure 42(a)(2) permits a district court to consolidate actions which "involve a common question of law or fact." Case 1 and Case 2, with nearly identical allegations, involve common questions of law and fact. Consolidating these actions prior to initial screening is appropriate. *See, e.g.*, *Johnson v. Johns*, 100 F. App'x 496, 496 (6th Cir. 2004). Accordingly, the Court consolidates Case 1 and Case 2, designates Case 2 as the lead case, and orders Case 1 closed.[2]

### B. Misjoinder of Plaintiffs

Rule 20(a)(1) permits plaintiffs to join together and raise their claims in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[2] From this point, the Court cites only to Case 2 docket entries.

3

occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1). The rule also requires that a "question of law or fact common to all plaintiffs will arise in the action." *Id*. Although the plaintiffs' claims ostensibly fit Rule 20's grounds for permissive joinder, courts have found ample reasons to sever or dismiss the claims of multiple prisoner-plaintiffs who, like plaintiffs here, are proceeding in pro per. *See, e.g.*, *Proctor v. Applegate*, 661 F. Supp. 2d 743, 779-781 (E.D. Mich. 2009) (collecting cases); *Good v. Washington*, 2021 WL 2439268, at *5 (W.D. Mich. June 15, 2021).

"[P]laintiffs, especially prisoners, do not have free reign to join multiple claims and [parties] in any manner they choose." *Proctor*, 661 F. Supp. 2d at 780. The court in *Proctor* reviewed and summarized "the pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militate[] against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Id.* (citing *Boretsky v. Corzine*, 2008 WL 2512916, at *5 (D.N.J. June 23, 2008); *see also Jackson v. Swab*, 2018 WL 521457, at *1 (W.D. Mich. Jan. 23, 2018) (finding the circumstances of confinement are not compatible with permitting the joinder of multiple prisoners as plaintiffs in a single lawsuit).

Difficulties with multiple-plaintiff prisoner litigation include the need for

each plaintiff to sign every pleading, inviting Rule 11(a) violations if any joined pro se plaintiff fails to do so. *Id.* The markedly transitory nature of prison populations also makes joint litigation difficult. *See White v. Tennessee Bd. of Probation and Paroles*, 2007 WL 1309402 (W.D. Tenn. 2007) ("[I]t is administratively impractical to permit five inmates at three institutions to litigate their claims in a single action."). And, importantly, each incarcerated plaintiff presents "individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Boretsky*, 2008 WL 2512916, at *6 (collecting cases); *see also Jackson*, 2018 WL 521457, at *1.

Further, "prisoners should not be allowed to proceed" as joint plaintiffs where such multiple-plaintiff litigation would "circumvent the filing fee requirements for federal civil actions or the Prison Litigation Reform Act's (PLRA's) 'three strikes' provision." *Id.*, at *2 (citing 28 U.S.C. § 1915(g)). Under the PLRA, a prisoner may commence an action in forma pauperis without full prepayment of the filing fee. 28 U.S.C. § 1915(b). But "the 'three strikes' provision requires the collection of the entire filing fee after the dismissal for frivolousness or failure to state a claim of three actions or appeals brought by a prisoner proceeding in forma pauperis….This provision was intended to curb frivolous prisoner litigation."

*Jackson*, 2018 WL 521457, at *3.

In *Jackson*, a plaintiff, who was ineligible to proceed in forma pauperis under the three-strike rule, filed his claim with twelve other prisoners, reducing his share of the $400 filing fee to $26.92. *Id.* When eleven of those twelve other prisoner-plaintiffs failed to prosecute their claim, the court surmised that lead plaintiff Jackson included them to circumvent the filing fee requirement and three-strike rule. *Id.*

The Court notes that nearly every pitfall of multiple prisoner-plaintiff joinder identified in the above-cited cases has already surfaced in this case. First, plaintiffs' pleadings and other filings lack the signatures of many of the named plaintiffs, with even the initial complaint missing multiple signatures. *See, e.g.*, ECF Nos. 1, 2, 89 (motion signed by only fifty-nine of the plaintiffs). Second, at least ten[3] plaintiffs are no longer housed in SRF, having been transferred to other correctional facilities or released. ECF Nos. 57, 58, 75, 77, 94, 96, 98, 100, 102, 104, 109. Permitting over 100 plaintiffs, distributed over a likely increasing number of institutions, to proceed in a single action would be untenable. Likewise, conducting 120 individualized analyses of exhaustion of administrative remedies within the

---

[3] Copies of notices mailed and returned as undeliverable suggest as many as 28 plaintiffs are no longer housed at SRF. ECF No. 8-20; ECF No. 43-46; ECF No. 67-88.

same case would be unwieldy and impractical.

The collection of the court's filing fee from so many prisoner-plaintiffs has proved difficult in this case as well. Initially, only a few of the plaintiffs paid their pro rata share of the full filing fee and administrative fee. *See* ECF No. 5. At least thirty-two plaintiffs appear to have subsequently remitted their portion of the fee. ECF Nos. 21-40, 48-56, 108, 110. But at least one named plaintiff has notified the court that he was joined as a plaintiff without his permission and that he does not wish to participate in the litigation. ECF No. 42. This suggests that some plaintiffs may have been added to reduce other plaintiffs' pro rata share of a filing fee. *See Jackson*, 2018 WL 521457, at *3. Even if the joinder of this multitude of prisoner-plaintiffs was not intended to circumvent the filing fee requirements under 28 U.S.C. § 1915, the sheer number of joined plaintiffs makes it impossible for the Court to assess if the filing fee requirements and the three-strike rule have been thwarted.

In sum, this Court finds that the circumstances of confinement are not compatible with the joinder of multiple prisoners as plaintiffs in this lawsuit. Although the joinder of the multitude of plaintiffs in one civil rights action is not appropriate here, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. "Instead, Rule 21 provides two remedial

options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately." *Jackson*, 2018 WL 521457, at *3. Because dismissal may have potentially adverse statute-of-limitation consequences, a district court's discretionary decision to remedy misjoinder by dropping or dismissing a party may be exercised only if just; a dismissal is just if it is without prejudice and the dismissed party will not lose the ability to prosecute an otherwise timely claim. *See id*.

Here, a dismissal without prejudice of all but the first-named plaintiff, Bell, will not preclude the other plaintiffs from pursuing their claims individually in separate actions. A dismissal will not trigger statute-of-limitation complications because plaintiffs filed this action shortly after the claims accrued and "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003). Thus, the Court will dismiss all plaintiffs from the action other than the first-named plaintiff, Tyrone Bell. The dismissed plaintiffs may file their own separate actions individually, paying the required filing fee in full or as dictated by 28 U.S.C. § 1915.

In the surviving consolidated case, Bell has failed to pay the filing fee

and the administrative fee or to apply to proceed without prepayment of the filing fee, with the required supporting papers. Accordingly, the Court orders that within 30 days from the date of this order, Bell must either pay the $350.00 filing fee and the $52.00 administrative fee or, alternatively, file an affidavit of indigence, a current certification/business manager's account statement, and a statement of trust fund account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. If Bell fails to pay the fees or to file the required documents, the Court must presume that he is not proceeding without prepayment of the fees, assess the fees, and dismiss the case for want of prosecution.

### C. Certification of Class

In tacit acknowledgment of the impracticality of a 120-plaintiff action, Bell moves to certify plaintiffs and other similarly situated SRF prisoners as a class under Rule 23. ECF No. 89.

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder ... is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). For a case to proceed as a class action, the Court must be satisfied that the putative class meets these enumerated

requirements, generally referred to as "numerosity, commonality, typicality, and adequacy of representation." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010). Plaintiffs bear the burden of establishing the right to class certification. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996).

The Sixth Circuit has established that pro se litigants cannot adequately represent the interests of a class. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (collecting cases). Because Bell (or any of the other original plaintiffs) is an incarcerated pro se litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny the request for class certification.[4]

## IV. Conclusion

For the reasons set forth above, **IT IS ORDERED** that:

(1) Case Numbers 21-CV-10399 and 21-CV-10705 are consolidated into one case. Case Number 21-CV-10399 is closed and future filings will only be made in Case Number 21-CV-10705.

(2) Plaintiff Tyrone Bell's case is severed from the other named plaintiffs. All other plaintiffs are **DISMISSED** from this action, without

---

[4] The Court will deny this motion without prejudice. If Bell is successful in his effort to secure counsel, a motion for class certification may be re-filed.

prejudice to filing individual complaints on their own behalf.

(3) The motions for class certification (ECF Nos. 2, 89) are **DENIED.**

(4) No later than 30 days from the date of this order, Bell must either pay the $350.00 filing fee and the $52.00 administrative fee or, alternatively, apply to proceed without prepayment of the filing fee and file the required supporting affidavit of indigence, a current certification/business manager's account statement, and a statement of trust fund account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint.

s/Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge

Dated: March 17, 2022